Filed 4/22/15  P. v. Coyle CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> JUSTIN SEAN COYLE, <br><br> Defendant and Appellant. | D066217 <br><br><br> (Super. Ct. No. SCE338168 <br> Super. Ct. No. SCE338250) |

APPEAL from a judgment of the Superior Court of San Diego County, Patricia K. Cookson, Judge. Affirmed.

Cannon & Harris and Donna L. Harris, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant Justin Sean Coyle's appointed appellate counsel has filed a brief asking this court to review the record for error as mandated by *People v. Wende* (1979) 25 Cal.3d 436. We affirm the judgment.

INTRODUCTION

In early May 2014 the court granted the San Diego County District Attorney's motion to consolidate for trial *People v. Coyle* (Super. Ct. San Diego County, No. SCE338250)—in which Coyle was charged with one count of robbery (Pen. Code,[1] 211)—and *People v. Coyle* (Super. Ct. San Diego County, No. SCE338168) in which Coyle was charged with three counts of burglary (§ 459). That same day, based on the court's granting of the motion to consolidate the two cases, the District Attorney filed a five-count amended consolidated information charging Coyle with three counts of burglary (counts 1-3: § 459), one count of robbery (count 4: § 211), and one count of grand theft from a person (count 5: § 487, subd. (c)).

The court had previously denied Coyle's *Marsden*[2] request that the court replace his court-appointed counsel.

At trial, after both parties rested, the court granted a defense motion to dismiss the count 4 robbery charge and count 5 charge of grand theft from a person.

The jury found Coyle guilty of the two burglary counts charged in counts 1 and 2, but found him not guilty of the third burglary count charged in count 3.

At the probation and sentencing hearing, the court granted Coyle's motion to reduce his count 2 conviction to a misdemeanor, but denied without prejudice his motion to reduce his count 1 conviction to a misdemeanor. The court told Coyle it had no

---

[1]    All further statutory references will be to the Penal Code unless otherwise specified.

[2]    *People v. Marsden* (1970) 2 Cal.3d 118.

objection to Coyle's renewing of the motion to reduce count 1 to a misdemeanor after he successfully completed 18 months of probation.  The court denied probation as to count 2 and sentenced Coyle to 205 days with credit for 205 days.  The court granted formal probation for three years as to count 1 on the condition that Coyle serve 205 days in local custody with 205 days of credit for time served.  In the order granting formal probation, the court imposed search, theft, firearm, and drug and psychiatric counseling and treatment terms.  The court also ordered Coyle to stay away from Antonio Gutierrez and the Arco convenience store located at 1518 North Magnolia Avenue in El Cajon.  The court ordered Coyle to pay a fine of $420 (§ 1465.7, subd. (a)) and a theft fine of $39 (§ 1202.5), each of which included a penalty assessment.  The court also imposed a court operations assessment of $80 (§ 1465.8), a criminal conviction assessment of $60 (Gov. Code, § 70373), $154 in booking fees (Gov. Code, § 29550), $29.62 in victim restitution (§ 1202.4, subd. (f)) and a $300 restitution fine (§ 1202.4, subd. (b)).  The court suspended a $300 probation revocation fine (§ 1202.44).  Coyle's timely appeal followed.

FACTUAL BACKGROUND[3]

A.  *Counts 2 and 3* (*Arco AM/PM Burglaries*)

In February 2014 Denise Cook was the lead cashier for the Arco AM/PM at 1518 Magnolia Avenue in El Cajon.  Thefts were common at that store, which had 16 security cameras.

---

[3]     The facts pertaining to counts 4 and 5 are omitted because the court dismissed those counts.

3

On Monday, February 17, 2014, Cook was working the morning shift. Coyle entered the store and went to the counter where the hot food and condiments were located. Cook switched the surveillance monitor to the camera covering that area to watch Coyle when he was out of direct view. Coyle grabbed a hot dog from the counter and a Mountain Dew from the cooler on the other side of the room.

Cook testified that Coyle was carrying the merchandise up the main aisle of the store when she offered to help him. Coyle glanced up at Cook and bolted out the front door. Coyle ran into the parking and Cook could not follow him because she was behind the counter. Cook did not call the police because Coyle already had left and the value of the hot dog and soda was probably under three dollars.

On Friday, February 21, 2014, Coyle returned to the store at 5:30 to 5:35 a.m. Cook, who was again working the morning shift, was putting away new merchandise deliveries. Cook went back to get the empty cardboard box she left on the floor in the middle of the store and found it was gone. Cook testified that Coyle then came around the corner carrying the cardboard box with merchandise in it, as well as a 12-pack of Mountain Dew.

Cook asked Coyle whether he needed help with the merchandise. When Coyle started to bolt for the front door, Cook realized it was the "same guy" that had been in the store on Monday. Cook told Coyle to stop. Merchandise, including candy and burritos, fell out of the box as Cook chased Coyle into the parking lot and across the street. Cook gave up the chase after she lost sight of him.

4

Cook returned to the store and called the police. She reviewed the store surveillance video and made a copy for the police. The video showed Coyle making nachos and grabbing candy, chips, cartons of cereal, and Mountain Dew. The total value of the items was $29.62.

San Diego County Sheriff's Deputy James Morgan responded to the convenience store after Cook reported the theft. Cook described the thief as a White male adult with a shaved head, about five feet eight inches tall and 150 pounds. She reported that he was wearing khaki pants and a black shirt.

Deputy Morgan later received a message from dispatch to call Officer Timothy Roberts of the El Cajon Police Department, who believed he had arrested the suspect Deputy Morgan was seeking.

Officer Roberts transported Coyle to the Arco store in the back seat of his patrol vehicle. There, Cook positively identified Coyle.

B. *Count 1* (*Motor Vehicle Burglary*)

On February 21, 2014, Anthony Gutierrez, the victim of the motor vehicle burglary charged in count 1, drove his 1998 Dodge Dakota truck to work and parked across the street. Gutierrez manually locked both the driver and the passenger doors after he arrived at work. Inside his truck he kept a Sony Vaio laptop and a Martin electric acoustic guitar in a black soft case.

That morning a coworker told Gutierrez that someone broke one of his truck windows and ran toward Pioneer carrying a case. Gutierrez ran to his truck and found the passenger's side window had been broken. Gutierrez got inside and started driving

5

because he wanted to find the person responsible for damaging his truck. Gutierrez testified that he saw Coyle walking on Pioneer toward Magnolia Avenue carrying his guitar case. Coyle was wearing a black shirt and khaki pants.

Gutierrez testified that he drove close to Coyle and screamed at him to give him back his guitar. Coyle threw the guitar into the truck through the broken window and ran. Gutierrez got out of his truck and followed Coyle through some buildings. Gutierrez testified that Coyle pulled a hammer from inside his pants and held it in his hand as he was running. Gutierrez stopped following Coyle when he saw the hammer. Coyle was later arrested and Gutierrez identified him at a curbside lineup.

DISCUSSION

Appointed appellate counsel has filed a brief summarizing the proceedings below. Counsel presents no argument for reversal, but asks this court to review the record for error as mandated by *People v. Wende*, *supra*, 25 Cal.3d 436. Pursuant to *Anders v. California* (1967) 386 U. S. 738, counsel refers to the following as possible, but not arguable, issues: (1) "Whether the trial court abused its discretion by denying [his] request to appoint substitute counsel [because he] believed he would receive inadequate representation at trial because trial counsel was against him in everything"; and (2) "Whether the trial court abused its discretion in granting the prosecutor's motion to consolidate case No. SCE338250 and case No. SCE338168 over defense objection."

We granted Coyle permission to file a brief on his own behalf. He has not responded.

6

A review of the record pursuant to *People v. Wende*, *supra*, 25 Cal.3d 436, and *Anders v. California*, *supra*, 386 U.S. 738, including the possible issues raised by appellate counsel, has disclosed no reasonably arguable appellate issue.  Coyle has been represented adequately by appellate counsel.

DISPOSITION

The judgment is affirmed.

NARES, J.

WE CONCUR:

McCONNELL, P. J.

McINTYRE, J.